277 A.2d 743.

DAVID C. MONTEIRO *vs.* FRANCIS A. HOWARD, *Warden.*

MAY 28, 1971.

PRESENT: Roberts, ·C. J., Paolino, Powers, Joslin and ·Kelleher, JJ.

PER CURIAM. This is a petition for habeas corpus. After a jury had found the petitioner guilty as charged in indictment No. 2799, and his motion for a new trial had been denied, he was sentenced by the trial justice to serve a term of five years. Within the time allowed by law, the petitioner filed a written notice of his intention to prosecute a bill of exceptions and as authorized by G. L. 1956 (1969 Reenactment) §12-19-1 was admitted to bail by said justice.

While petitioner was awaiting appellate review of his conviction on indictment No. 2799, *State* v. *Monteiro,* 108 R. I. 569, 277 A.2d 739, he was found guilty on indictments numbered 70-291, 70-292 and 70-293. By reason of these latter convictions, the Attorney General moved in the Superior Court for revocation of the bail on which petitioner was at liberty in connection with indictment No. 2799. The Superior Court justice to whom it was directed granted the state's motion, revoked the bail in question, and petitioner was committed to the Adult Correctional Institutions.

He thereupon filed the instant writ in this court, contending that under the provisions of §12-19-1, pursuant to

which it had set bail, the Superior Court lacked jurisdiction to revoke. The significant portion of the cited section to which such contention relates is as follows:

" * * * and the giving of such recognizance shall act as a supersedeas of said sentence until said bill of exceptions be abandoned, denied, overruled or otherwise disposed of in accordance with the statutes in such cases made and provided."

It being readily apparent that petitioner raised a question of such importance that it ought to be considered by this court, we ordered the writ to issue. *Monteiro* v. *Howard*, 108 R. I. 911, 273 A.2d 326. However, petitioner's bill of exceptions, prosecuted in connection with his conviction in indictment No. 2799, *State* v. *Monteiro, supra,* was heard by this court on oral arguments and briefs before the instant cause came on for argument here. In our opinion filed this day in *State* v. *Monteiro, supra,* all exceptions were overruled. Consequently, the question raised in the instant petition has become moot, since, with the overruling of his bill of exceptions, petitioner's present confinement is in accordance with the sentence imposed.

The petition is denied and dismissed for mootness and the writ heretofore issued is quashed.

*Alton W. Wiley,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.